Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1878 | **DATE** | 3/28/11 |
| **CASE TITLE** | Martin Roman (#2008-0002488) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#4] is granted. The Court authorizes and orders Cook County Jail officials to deduct $10.00 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, this action is dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim. Any other pending motions are denied as moot. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). All pending motions are denied as moot.

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT

    Plaintiff, a pre-trial detainee at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, Cook County Sheriff Tom Dart, Medical Director Dr. Ting, and Stroger Hospital, violated Plaintiff's constitutional rights by acting with deliberate indifference to a serious medical need. More specifically, Plaintiff alleges that he suffers from warts and that although he has been treated on multiple occasions at both Cermak Hospital and Stroger Hospital, the warts continue to recur.

    Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $10.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

**(CONTINUED)**

AWL

However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a federal claim as a matter of law.

Plaintiff is attempting to allege deliberate indifference to a serious medical condition. Failure to provide medical care for inmates constitutes an Eighth Amendment violation only when it evinces "deliberate indifference to a prisoner's serious illness or injury." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291-92 (1976); *Davis v. Carter*, 453 F.3d 686, 696 (7th Cir. 2006). Deliberate indifference "is merely a synonym for intentional or criminally reckless conduct." *Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991). A prison official violates the Eighth Amendment only when: (1) the injury is sufficiently serious as judged from an objective standpoint; and (2) the prison official must have a "sufficiently culpable state of mind . . . , [which is] deliberate indifference," to inmate health or safety in prison cases. *Farmer v. Brennan*, 114 S.Ct. 1970, 1974 (1994). Mere disagreement with a physician's treatment does not constitute an Eighth Amendment violation. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *See also Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). In other words, deliberate indifference requires that the Defendant either intended to harm plaintiff or knew of a risk of harm so significant that an intent to harm could be inferred from a refusal to provide medical care. *See Smith-Bey v. Hospital Administrator*, 841 F.2d 751, 759 (7th Cir. 1988).

Plaintiff alleges no subjective deliberate indifference in his complaint, and based on what he *has* pled, any amendment would be futile. He pleads care at Stroger Hospital and Cermak Health Services, including testing, diagnosis, and treatment. He also pleads recurrence of his warts. The only claim he seems to be making is disagreement with the treatment he has received. Consequently, Plaintiff's complaint is dismissed.

This suit is accordingly dismissed for failure to state a claim upon which relief may be granted. All other pending motions are denied as moot. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."